**In re J.D. JONES BI–RITE GROCERY, Debtor.**

**J.D. JONES BI–RITE GROCERY, Plaintiff,**

**v.**

**Robert TARPLEY, Defendant.**

**Robert TARPLEY, Counter-Plaintiff,**

**v.**

**J.D. JONES BI–RITE GROCERY, Counter-Defendant.**

**Bankruptcy No. 382–02610.**
**Adv. No. 383–0178.**

United States Bankruptcy Court,
M.D. Tennessee.

Dec. 22, 1983.

Wm. Bracken Ingram, Nashville, Tenn., for debtor.

C. Kinian Cosner, Jr., Nashville, Tenn., for Robert Tarpley.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the debtor J.D. Jones Bi-Rite Grocery's (hereinafter "Bi-Rite") complaint to determine the nature, extent and validity of the creditor Robert Tarpley's lien in certain real property located in Rutherford County, Tennessee. Upon consideration of the evidence presented at the hearing, stipulations, exhibits and briefs of the parties, this court concludes that the debtor's complaint is premature and therefore should be dismissed without prejudice.

The following shall represent findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

The debtor filed a voluntary Chapter 11 petition in this court on August 11, 1982, and initiated this adversary proceeding on March 30, 1983. The debtor essentially seeks to have the court value the creditor's interest in the collateral in which he possesses a second lien. The debtor has not attacked the facial validity of the lien itself.

Upon review of the debtor's complaint, this court finds no reason to determine the status of the creditor's lien at this time. The debtor has presented no compelling explanation why the court should now resolve this issue. It is a well established principle that the value of a creditor's collateral may vary substantially during the course of a bankruptcy case. 3 Collier on Bankruptcy ¶ 506.04, at 506–21 (15th ed. 1982). As Collier explains:

> "[T]he amount of any claim secured by collateral of changeable value must be regarded as a 'moving target' and, in view of the potential significance of such amount at different stages of a bankruptcy case, may be an important and recurring issue in the case."

3 Collier on Bankruptcy ¶ 506.04, at 506–18 (15th ed. 1982).

Even if the court were to now find the creditor's claim unsecured, which is apparently what the debtor seeks to establish, this finding would not be binding if the value of the collateral subsequently increased and thereby rendered the creditor's claim partially secured. Absent circumstances requiring the court to determine the extent of the creditor's secured status, such as a request for relief from the stay or the treatment of the creditor's claim under a proposed Chapter 11 plan, this court is of the opinion that the debtor's complaint to determine the extent of the creditor's lien in the property in question is premature.

The court will accordingly ORDER that the debtor's complaint be dismissed without prejudice to refile at a later date. The debtor shall not be required to pay an additional filing fee should it decide to file another adversary proceeding concerning this matter.

IT IS, THEREFORE, SO ORDERED.